## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 13-12365 (CSS) |
| | : | |
| MNS Enterprises LLC, | : | Chapter 7 |
| | : | |
| Debtor. | : | **Objection Deadline: October 25, 2017 at 4:00 p.m.** |
| | : | **Hearing Date: November 15, 2017 at 11:30 a.m.** |
| | : | |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Alfred T. Giuliano, Chapter 7 trustee ("Trustee") for the bankruptcy estate (the "Estate") of MNS Enterprises LLC ("Debtor"), requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

3.      On September 10, 2013, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the Chapter 7 trustee for the Debtor's Estate.

1

4.      Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties.  Among other things, the Trustee has commenced adversary proceedings for the avoidance of certain transfers pursuant to Sections 544, 548 and 550 of the Bankruptcy Code (collectively, the "Adversary Proceedings"). The Trustee is now in the process of winding down the administration of this case.  To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

5.      The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred, including a default judgment taken against one defendant in an Adversary Proceeding (collectively, the "Remnant Assets").   The most significant of the Remnant Assets is a default judgment taken against Sears Brands, LLC d/b/a Sears Credit Card in Adversary Proceeding 15-51336-CSS in the amount of $13,908.62 plus court filing costs in the amount of $350.  The Trustee has determined in his business judgment that the cost of pursuing will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

6.      The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets.  A copy of the Purchase Agreement is appended as Exhibit A to the form of order filed with this Motion.

## Requested Relief

7.      By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and

9760325/1

(b) approving the terms of the Purchase Agreement.

8.      The Purchase Agreement generally provides for an aggregate purchase price of $5,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

9.      In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

10.     In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets and represents the highest and best offer for the sale of the Remnant Assets.  Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets.  Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

11.     The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate.  Accordingly, the sale to Oak Point should be approved as requested.

### Authority for Requested Relief

12.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification."  *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); and *In re Abbotts Dairies of Pa. Inc.*,

788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing).  Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

13.    In pertinent part, Bankruptcy Rule 6004 states that "all sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1).  With respect to the notice required in connection with a private sale, Bankruptcy Rule 2002(c)(1) states, in pertinent part:

> [T]he notice of a proposed use, sale or lease of property . . . shall include . . . the terms and conditions of any private sale and the deadline for filing objections. The notice of a proposed use, sale or lease of property, including real estate, is sufficient if it generally describes the property.

Fed. R. Bankr. P. 2002(c)(1).

14.    Generally, courts have applied four factors to approve the use, sale, or lease of property out of the ordinary course of business, the Court must find some articulated business justification for the proposed action. *See In re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification and good faith tests of *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983)); *see also In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (concluding that the Third Circuit had adopted a "sound business purpose" test in *Abbotts Dairies*).  Further, courts have held that proposed sales of property should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be.  *See In re Martin*, 91 F.3d at 395; *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986);

15.    A trustee's showing of sound business justification, in turn, need not be unduly

exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the best interest of creditors of the Debtor's Estate.

16.    Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

17.    This Court's analysis of the sale does not change if the proposed sale is private, rather than public. *See, e.g., In re Ancor Exploration Co.*, 30 B.R. 802, 808 (Bankr. N.D. Okla. 1983) ("[T]he bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under § 363(b)."). The bankruptcy court "has ample discretion to administer the estate, including authority to conduct public or private sales of estate property." *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991), *vacated on other grounds*, 165 B.R. 1 (D.P.R. 1992).

18.    Moreover, a private sale is appropriate because any costs associated with an

auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate. Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and creditors. Based on the foregoing, the Trustee respectfully request that the Court grant the Motion.

19.    Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

a.    Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

b.    Such entity consents;

c.    Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d.    Such interest is in bona fide dispute; or

e.    Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

20.    Here, there are no secured creditors who have a security interest in the Remnant Assets, however as Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

6

21.     In considering the Purchase Price, paramount among the Trustee's considerations was the value of the underlying assets, the costs associated with the sale, and the likelihood and timing of the marshalling of the underlying assets. Here, the Trustee reasonably believes that, among the underlying Remnant Assets, the only asset which is likely to have value is the $14,258.62 against Sears Brands, and the Purchase Price reflects a value that exceeds a reasonable price for that judgment.

22.     Based upon the foregoing, the Trustee submits that the sale of the Remnant Assets for the Purchase Price is a prudent exercise of its business judgment under the circumstances and is in the best interest of the Debtor's Estate and creditors.

### Waiver of Stay of Order

23.     Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

24.     Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all creditors and parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

7

9760325/1

Dated October 3, 2017                              **MORRIS JAMES LLP**

_____

Jeffrey R. Waxman (No. 4159)
500 Delaware Ave., Ste 1500
Wilmington, DE 19801
Telephone (302) 888-5842
Facsimile (302) 504-3942

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

8